In the Matter of Jody ELMASRY, petitioner, Appellant,

v.

Adam VERDIN, Respondent.

No. A06–655.

Court of Appeals of Minnesota.

Feb. 6, 2007.

Jody Elmasry, St. Paul, MN, pro se appellant.

Adam Verdin, St Paul, MN, pro se respondent.

Considered and decided by KLAPHAKE, Presiding Judge, WILLIS, Judge, and SHUMAKER, Judge.

## OPINION

KLAPHAKE, Judge.

Pro se appellant Jody Elmasry challenges the district court's dismissal of her petition for a domestic abuse order for protection, which she sought against respondent Adam Verdin, who shared her home as a tenant and with whom she had no marital, familial, sexual, or romantic relationship. Because the district court erred in concluding that the matter was a landlord-tenant dispute falling outside the Domestic Abuse Act, Minn.Stat. § 518B.01 (2006), we reverse and remand the district court's order dismissing the petition.

## FACTS

In October 2005, respondent moved into the lower level of a duplex that was owned by appellant's parents. Appellant lived in the unit and took respondent in "as a month to month sub-lessee." Appellant described her relationship with respondent as "housemate," and made it clear that the two were roommates and were not romantically involved.

Appellant claimed that respondent "quickly overstepped all boundaries he had agreed to upon moving in" and that he brought "people, material and pets in to the duplex when he had agreed not to do so." She further claimed that "[a]s these events continued and [she] had to continually tell him his behavior was not acceptable, his actions and behavior became increasingly aggressive and verbally abusive."

In early January 2006, appellant told respondent that he had to move out. Appellant claims that respondent refused and that "his behavior became very threatening." In particular, appellant claims that respondent "would come into my personal space, less than 6 inches from my face, verbally abuse me, follow me from room to room, raise his fist to me and make physical threats like 'You're gonna get what you deserve!'" Appellant called the police one night after respondent left for work and claims that she informed them that she "was physically afraid," that respondent's actions "were becoming more aggressive," and that she "feared physical violence was next." The police told her to obtain an order for protection (OFP).

On January 31, 2006, appellant applied for an OFP. In her petition, appellant claimed that "[t]his situation in my home is becom[ing] extremely aggressive and I [fear] for my safety."

A hearing was held before the district court on February 10, 2006, and both parties appeared. The district court judge indicated that he reviewed appellant's affidavit. The following exchange then took place:

[THE COURT:] Ms. Elmasry, do I understand that Mr. Verdin is a tenant of yours?

MS. ELMASRY: He's a roommate, yes.

THE COURT: Well, now, is he a tenant?

MS. ELMASRY: Yes.

THE COURT: Does he pay rent?

MS. ELMASRY: Yes. He does.

THE COURT: Is that correct, Mr. Verdin?

MR. VERDIN: That is correct, Your Honor. Thank you.

THE COURT: The Court is going to take a position that this is not a Domestic Abuse matter. This is a matter of landlord and tenant. Under those circumstances, it is not properly before the Court in a domestic abuse setting. The matter is dismissed. The Court has no jurisdiction. Do you understand what I'm saying to you, Ms. Elmasry?

MS. ELMASRY: I understand. I don't understand why it's not a domestic abuse situation, though.

THE COURT: Because the law says, Domestic Abuse can occur between parties who are in a significant living-together circumstance. If he is, in fact, a tenant, that takes you out of the category of living together. There is no relationship between the two of you according to the law.

MS. ELMASRY: Your Honor, he is living in my apartment.

THE COURT: Ma'am, it doesn't make any difference. What I see here is, and you answered the statement that

he is, in fact, a renter. If he's a renter, it falls under the category of landlord/tenant. It has no business being in the Domestic Abuse Court.

The district court issued an order dismissing appellant's petition, finding that "[r]espondent is a tenant on premises of [appellant]; this is landlord/tenant relationship, not properly in Domestic Abuse Court."

## ISSUE

Did the district court abuse its discretion in dismissing appellant's petition for an order for protection?

## ANALYSIS

 The decision whether to issue an order for protection (OFP) under the Domestic Abuse Act is discretionary with the district court. *See Hall v. Hall,* 408 N.W.2d 626, 629 (Minn.App.1987), *review denied* (Minn. Aug. 19, 1987). The act provides that domestic abuse can only occur between "family or household members," who are defined as including

(1) spouses and former spouses;

(2) parents and children;

(3) persons related by blood;

*(4) persons who are presently residing together or who have resided together in the past;*

(5) persons who have a child in common regardless of whether they have been married or have lived together at any time;

(6) a man and woman if the woman is pregnant and the man is alleged to be the father, regardless of whether they have been married or have lived together at any time; and

(7) persons involved in a significant romantic or sexual relationship.

Minn.Stat. § 518B.01, subd. 2(b) (2006) (emphasis added).

The district court assumed that domestic abuse can occur between two people only if they are romantically or sexually involved, or have what the court termed some "significant living-together" relationship. Under the plain language of the statute, however, appellant and respondent meet the definition of "household members" because they were "residing together." Minn.Stat. § 518B.01, subd. 2(b)(4); *see State v. Asfeld*, 662 N.W.2d 534, 541 (Minn.2003) (court interpreting statute is bound to give effect to clear language of statute). The protections of the act extend to persons who are "residing together," whether they are involved in a sexual relationship or whether they are just co-residents. *Cf. State v. Glowacki*, 630 N.W.2d 392, 402–03 n. 5 (Minn.2001) (assuming that co-residents were "household members" under domestic abuse act). Given the sanctity of one's home and the vulnerability that people can experience when they feel threatened or unsafe in their own home, to conclude otherwise would be unreasonable. *See* Minn.Stat. § 645.17(1) (2006) (stating that when construing statute, courts presume that legislature does not intend unreasonable result).

We acknowledge that persons may not "reside" together when one person is a guest or is merely staying at another's home for a limited period of time. *See* Black's Law Dictionary 1310 (7th ed.1999) (defining "residence" as the "fact of living in a given place for some time" or the "place where one actually lives"). Thus, there may be cases in which a dispute might arise over whether two people are "residing together."

■ Here, however, respondent moved into the lower level of a duplex occupied by appellant, paid rent to her, and had some claim of right to the premises on a month-to-month basis. Appellant specifically states that "[t]here are no locked or 'se-cure' rooms in this living area" and that she and respondent "lived in the first floor of [the] duplex." Had appellant lived in a separate, self-contained unit of the building, and had respondent rented a separate, self-contained unit from appellant, the district court might have been correct in concluding that respondent was merely appellant's tenant and that the two did not reside together. But because the parties shared common living areas of the duplex, they were "residing together" and therefore meet the definition of "household members."

## DECISION

The district court erred in concluding that the parties' relationship did not fall under the definition of "household members" for purposes of the domestic abuse act. We therefore reverse the district court's order dismissing appellant's petition for an order for protection and remand the matter for further proceedings consistent with this opinion.

**Reversed and remanded.**